The Honorable Brian D. Lynch
Chapter 7
Hearing Date: June 14, 2017
Hearing Time: 9:30 AM
Hearing Location: US Courthouse/ Tacoma
Response Due: June 7, 2017

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| IN RE: | |
| MICHAEL GRAY AND NICOLE LEE HART, | BK Case No. 16-41279- BDL |
| Debtors, | Chapter: 7 |
| | Adv, Pro. 16-04123 |
| MICHAEL GRAY AND NICOLE LEE HART, | **PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES** |
| Plaintiffs, | |
| v. | |
| ZB, N.A. D/B/A ZIONS FIRST NATIONAL BANK, AND BAILEY & BUSEY, PLLC, | |
| Defendants. | |

## I.     **INTRODUCTION**

The Plaintiffs, Michael Gray and Nicole Lee Hart, move the Court for an order compelling Defendants ZB, N.A. ("ZB") and Bailey & Busey, PLLC ("Bailey & Busey") to completely answer and respond to Interrogatories and Requests for Production propounded by Plaintiffs and served on Defendants on December 30, 2016.

Despite numerous discovery conferences, Defendants have failed to respond to three

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES – 1

**HENRY, DEGRAAFF & MCCORMICK, P.S.**
1833 N 105TH ST. STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-7609

general categories of discovery requests: (1) those that ask Defendants about their prior use of supplemental proceedings (and, ultimately, bench warrants), (2) those concerning aspects of Defendants' debt collection activities, and (3) those that ask about agreements (legal, contractual or otherwise) between ZB and Bailey & Busey. Each of these lines of inquiry are directly relevant to Plaintiffs' 11 U.S.C. § 362(k)(1) claim for punitive damages under "appropriate circumstances."

Defendants – particularly ZB – have resisted discovery on these topics.  Indeed, ZB's initial responses included *thirty-five pages of objections* – and those were objections to "instructions" and "definitions."  Nearly every response also included an additional litany of boilerplate objections, which makes it difficult to determine which, if any, objections have any merit.  As expected in a case involving a bank and its collection law firm, many objections included oblique references to "privilege."  While Plaintiffs have no desire to reach into privileged attorney-client discussions made for the purpose of legal advice, both Defendants have placed at issue in this proceeding their respective levels of knowledge and culpability for Plaintiffs' arrests and incarceration.  Moreover, many of the supposedly privileged topics are, by definition, not privileged, and should be disclosed.

As described below, where Defendants have not blanketed their responses with objections, the responses are contradictory and, in some cases, demonstrably false.

Plaintiffs respectfully request that this Court order Defendants to respond to the seven discovery requests identified in this Motion.  To the extent any genuinely privileged materials are at issue, Plaintiffs request this Court review such documents in camera to make that determination.,

## II.　　STATEMENT OF FACTS

A. HISTORY OF DISCOVERY CONFERENCES

Since the first discovery responses were produced in February 2017, the parties have held numerous discovery conferences and exchanged several letters concerning Defendants'

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES – 2

Henry, DeGraaff & McCormick, P.S.
1833 N 105th St. Ste 203
Seattle, Washington  98133
telephone (206) 330-0595
fax (206) 400-7609

discovery responses. Exhibit A to Declaration of Christina L Henry ("Henry Dec.") at ¶ 4.

While Defendants did ultimately provide limited supplementation of their responses, the

supplementation was little more than lip service to compliance, as Defendants largely retained

their lengthy objections and unwillingness to produce responsive information. Exhibit B (p. 3-13;

30-38) and C (p. 2-4; 8-20) to Henry Dec. at ¶ 5 - 6. Plaintiffs' final correspondence on this issue

was May 8, 2017, to which ZB replied on May 12, 2017 promising disclosure of some

unspecified number of alleged "privileged" communications if Plaintiffs agreed to a broad

protective order. Exhibit D to Henry Dec. at ¶ 7.

B. <u>THE DISCOVERY RESPONSES AT ISSUE</u>

Before even addressing Plaintiffs' discovery requests, ZB first responded with *thirty-five*

*pages* of objections to routine definitions and instructions. Exhibit B to Henry Dec. at ¶ 5. ZB

then responded to nearly every discovery request with *additional* objections, many of which

appeared boilerplate and not tailored to the question asked.

Although Bailey & Busey's responses offered fewer obstructions, their responses still

included general and broad objections to basic definitions and instructions, and used sweeping

statements to incorporate those objections into all their discovery responses. As to each

individual response, Bailey & Busey also included extensive objections as well. Exhibit C to

Henry Dec. at ¶ 6.

1. <u>Interrogatories and Requests for Production at Issue</u>

As this Court is aware, this case is about the willful violation of the automatic stay that

occurred when Defendants wholly failed to act in response to the notice of Plaintiffs' bankruptcy

filing. Central to Plaintiffs' claim for punitive damages are issues concerning Defendants'

practices in similar cases (such as how supplemental proceedings and bench warrants are

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES – 3

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST. STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-7609

Case 16-04123-BDL    Doc 50    Filed 05/24/17    Ent. 05/24/17 22:38:40    Pg. 3 of 23

handled), Defendants' policies (such as why this happened to the Plaintiffs in the first place and what could have been done to prevent it), and Defendants' compliance with their own policies and procedures (or lack thereof). Plaintiffs propounded the following discovery requests which are currently at issue:

### a. Interrogatories to ZB

**ZB'S INTERROGATORY NO. 5:**

IDENTIFY all BORROWERS in Washington State with whom you have ever (1) obtained an order for SUPPLEMENTAL PROCEEDING; and (2) subsequently obtained a BENCH WARRANT against them for their failure to attend the SUPPLEMENTAL PROCEEDING.

**RESPONSE:**

The Bank objects to this interrogatory as overbroad, unduly burdensome, and oppressive, and to the extent it is not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy the parties' relevant access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Bank further objects to this interrogatory as calling for information subject to the privacy rights and protections of third party customers of the Bank. Subject to and without waiving the foregoing objections, the Bank responds as follows:

The Bank does not maintain specific records of particular legal procedures taken in individual litigation matters relating to debt collection. To the extent such information is contained in court records available from public sources such as Courttrax, that information is equally available to Plaintiffs. The Bank is unaware of any instance in at least the relevant time period of June 25, 2011, which is the filing date to the Bank's action against Plaintiffs in Cowlitz County, Washington, to the date of the Plaintiffs' first demand letter in connection with this action, in which the events described in this interrogatory occurred, other than in the case in Cowlitz County Superior Court against Plaintiffs.

**ZB'S INTERROGATORY NO. 6:**

IDENTIFY all BORROWERS in other states outside of Washington State with whom you have ever (1) obtained an order for SUPPLEMENTAL PROCEEDING; and (2) subsequently obtained a BENCH WARRANT against them for their failure to attend the SUPPLEMENTAL PROCEEDING.

**RESPONSE:**

The Bank does not maintain specific records of particular legal procedures taken in individual litigation matters relating to debt collection. To the extent such information is contained in court records available from public sources such as Courttrax, that information is equally available to Plaintiffs. The Bank is unaware of any instance in at least the relevant time

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES – 4

Henry, DeGraaff & McCormick, P.S.
1833 N 105ᵀʰ St. Ste 203
Seattle, Washington 98133
telephone (206) 330-0595
fax (206) 400-7609

Case 16-04123-BDL    Doc 50    Filed 05/24/17    Ent. 05/24/17 22:38:40    Pg. 4 of 23

period of June 25, 2012, which is the filing date of the Bank's action against Plaintiffs in Cowlitz County, Washington, to the date of Plaintiffs' first demand letter in connection with this action, in which the events described in this interrogatory occurred, other than in the case of Cowlitz County Superior Court against Plaintiffs.

### b.     Interrogatory to Bailey & Busey

Bailey & Busey's response to interrogatory no. 5 is emblematic of their resistance to

providing proper discovery responses, as Bailey & Busey inexplicably *denied* engaging in debt

collection for ZB. Even if this were a mistake, Bailey & Busey has been given numerous

opportunities to supplement or correct this statement.

**BAILEY & BUSEY'S INTERROGATORY NO. 5:**

IDENTIFY all attorneys and staff at BAILEY & BUSEY who engage in DEBT COLLECTION for ZIONS.

**RESPONSE:**

Defendant objects to the phrase "who engage in DEBT COLLECTION" because that phrase is vague and ambiguous. Without waiving any objection, Defendant does not engage in debt collection for ZIONS.

### c.     Requests for Production to both Defendants

**REQUEST FOR PRODUCTION NO. 2 (to ZB only):**

All DOCUMENTS or ESI RELATING TO the alleged DEBT owed by PLAINTIFFS prior to their bankruptcy discharge and the collection thereof, including all letters, telephonic communications, agreements, applications, statements, receipts, payments made and proofs of payment, pleadings, including all DOCUMENTS related to any service of process upon PLAINTIFFS.

**ZB's RESPONSE:**

The Bank objects to this request as overbroad, unduly burdensome, and oppressive, to the extent it calls for production of documents subject to the attorney-client privilege, the attorney work product doctrine, or other applicable privileges, and to the extent it is not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relevant access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Subject to and without waiving the foregoing objections, the Bank responds as follows:

The Bank will produce non-privileged documents responsive to this request after a reasonably diligent search and to the extent such documents exist, at a mutually convenient time and place.

**ZB's SUPPLEMENTAL RESPONSE:**

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES – 5

Henry, DeGraaff & McCormick, P.S.
1833 N 105TH St. Ste 203
Seattle, Washington 98133
telephone (206) 330-0595
fax (206) 400-7609

The Bank has produced the collections file relating to Plaintiffs' loan, which includes a printout of the collector's notes and correspondence with Plaintiffs, at Bates Nos. ZBNA000005 through ZBNA000087 (the printouts are found at ZBNA000049-ZBNA000079 and ZBNA000080-ZBNA000087). The Bank has not withheld any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3 (to both Defendants):**

All DOCUMENTS or ESI RELATING TO contractual agreements, representation agreements, or other legal or business relationships between ZIONS and Bailey & Busey.

**ZB's RESPONSE:**

The Bank objects to this request as overbroad, unduly burdensome, and oppressive, to the extent it calls for production of documents subject to the attorney-client privilege, the attorney work product doctrine, and other applicable privileges, and to the extent it is not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relevant access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit. The Bank notes that there is no dispute that Bailey & Busey PLLC was its attorney of record in the lawsuit against Plaintiffs in Cowlitz County. The Bank will not produce documents in response to this request.

**BAILEY & BUSEY RESPONSE:**

Defendant objects to the extent this request calls for the production of materials protected by attorney-client privilege, work product doctrine, or any other applicable privilege or protection. This request also seeks documents that are confidential or proprietary in nature. Without waiving any objection, Defendant will produce all relevant and non-privileged documents responsive to this request. Defendant will provide a privilege log to identify any information withheld or redacted. Please see BAILEYBUSEY000202-238.

**REQUEST FOR PRODUCTION NO. 5 (to ZB):**

ALL DOCUMENTS or ESI in which any YOU authorized Bailey & Busey to seek a BENCH WARRANT against BORROWERS for failing to attend a SUPPLEMENTAL PROCEEDING.

**ZB's RESPONSE:**

The Bank objects to this request as calling for production of documents subject to the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. Subject to and without waiving that objection, the Bank responds as follows:

The Bank does not believe that any documents responsive to this request exist, but will produce non-privileged responsive documents after a reasonably diligent search to the extent they do exist, at a mutually convenient time and place.

**ZB's SUPPLEMENTAL RESPONSE:** No such documents exist in the Bank's possession, custody, or control.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES – 6

Henry, DeGraaff & McCormick, P.S.
1833 N 105th St. Ste 203
Seattle, Washington 98133
telephone (206) 330-0595
fax (206) 400-7609

Case 16-04123-BDL    Doc 50    Filed 05/24/17    Ent. 05/24/17 22:38:40    Pg. 6 of 23

**REQUEST FOR PRODUCTION NO. 5 (to Bailey & Busey):**

ALL DOCUMENTS or ESI in which YOU sought a BENCH WARRANT against BORROWERS for failing to attend a SUPPLEMENTAL PROCEEDING

**BAILEY & BUSEY RESPONSE:**

Defendant objects to this requests as overbroad and unduly burdensome because it calls for information that is disproportionate to the needs of the case. Information about individuals other than Plaintiffs against whom Defendant has sought bench warrants in supplemental proceedings is also unrelated to the specific subject matter in the case. Without waiving any objection, Defendant will produce all relevant and non-privileged documents responsive to this request. Defendant will provide a privilege log to identity any information withheld or redacted. Please see BAILEYBUSEY000021-770 for the documents related to Michael Gray and Nicole Hart. Federal Rule of Civil Procedure 26 provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In determining the proportionality, consideration must be given to "the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit." *Id.* "Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010). Documents from unrelated matters exceed the scope of this case. The Amended Complaint alleges that a stay violation occurred in the proceedings against Plaintiffs Michael Gray and Nicole Hart. 11 U.S.C. § 362(k)(1) only permits recovery of punitive damages in "appropriate circumstances." Courts in the Ninth Circuit have cautioned that punitive damages are only appropriate where the defendant's conduct was "malicious, wanton or oppressive, or if the violator engaged in egregious, intentional misconduct." *Copeland v. Kandi* (*In re Copeland*), 441 B.R. 352, 370 (2010) (citations and quotation marks removed). *Stinson v. Cook Perkiss & Lew* ( *In re Stinson*), 128 Fed.Appx. 30, 32 (9th Cir. 2005) (punitive damages only awarded where defendant shows "reckless or callous for the law and rights of others."). There is no basis to assert that Defendant has engaged in a "pattern and practice" of stay violations, which can be determined by Plaintiffs' counsel easily without undue burden or expense by searching federal and state court records.

**REQUEST FOR PRODUCTION NO. 14 (to both Defendants):**

All DOCUMENTS or ESI RELATING TO any SUPPLEMENTAL PROCEEDINGS and BENCH WARRANTS against BORROWERS who failed to appear at SUPPLEMENTAL PROCEEDINGS.

**ZB RESPONSE:**

The Bank objects to this request as overbroad, unduly burdensome, and oppressive, to the extent it calls for production of documents subject to the attorney-client privilege, the attorney work product doctrine, or other applicable privileges, to the extent it seeks information equally available to Plaintiffs in the form of publicly-available court records, and to the extent it is not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relevant access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES – 7

Henry, DeGraaff & McCormick, P.S.
1833 N 105TH ST. STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-7609

Case 16-04123-BDL    Doc 50    Filed 05/24/17    Ent. 05/24/17 22:38:40    Pg. 7 of 23

expense of the proposed discovery outweighs its likely benefit. Subject to and without waiving the foregoing objections, the Bank responds as follows:

The Bank does not maintain specific records of particular legal procedures taken in individual litigation matters relating to debt collection. The Bank is unaware of any instance in in the relevant time period in which the events described in this request occurred, other than in the case in Cowlitz County Superior Court against Plaintiffs.

**BAILEY & BUSEY RESPONSE:** Defendant objects to this request as overbroad and unduly burdensome because it calls for information that is disproportionate to the needs of the case. Information about cases other than the Plaintiffs against whom Defendant has sought bench warrants in supplemental proceedings in Cowlitz County is unrelated to the specific subject matter in this case. Without waiving any objection, Defendant will produce all relevant and non-privileged documents responsive to this request. Defendant will provide a privilege log to identify any information withheld or redacted. Please see BAILEYBUSEY000021-770 for the documents related to Michael Gray and Nicole Hart. Federal Rule of Civil Procedure 26 provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In determining proportionality, consideration must be given to "the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit." *Id.* "Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010). Documents from unrelated matters exceed the scope of this case. The Amended Complaint alleges that a stay violation occurred in the proceedings against Plaintiffs Michael Gray and Nicole Hart. 11 U.S.C. § 362(k)(1) only permits recovery of punitive damages in "appropriate circumstances." Courts in the Ninth Circuit have cautioned that punitive damages are only appropriate where the defendant's conduct was "malicious, wanton or oppressive, or if the violator engaged in egregious, intentional misconduct." *Copeland v. Kandi (In re Copeland)*, 441 B.R. 352, 370 (2010) (citations and quotation marks removed). *Stinson v. Cook Perkiss & Lew (In re Stinson)*, 128 Fed. Appx. 30, 32 (9th Cir. 2005) (punitive damages only awarded where defendant shows "reckless or callous disregard for the law and rights of others"). There is no basis to assert that Defendant's conduct warrants punitive damages in this case, nor is there a basis to assert that Defendant has engaged in a "pattern and practice" of stay violations, which can be determined by Plaintiffs' counsel easily without undue burden or expense by searching federal and state court records.

## III. ARGUMENT

### A. PRODUCTION MUST BE COMPELLED TO DETERMINE THE BASIS FOR PUNITIVE DAMAGES, IF ANY

Under 11 U.S.C. § 362(k)(1), an award of punitive damages requires "some showing of reckless or callous disregard for the law or rights of others." *In re Snowden*, 769 F.3d 651, 657

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES – 8

Henry, DeGraaff & McCormick, P.S.
1833 N 105TH ST. STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-7609

Case 16-04123-BDL    Doc 50    Filed 05/24/17    Ent. 05/24/17 22:38:40    Pg. 8 of 23

(9th Cir. 2014) (quoting *In re Bloom,* 875 F.2d 224, 228 (9th Cir. 1989)). This standard may be established by proof of conduct that is malicious, wanton, or oppressive. *Id.*

As this Court is aware, Defendants defiantly maintained total innocence throughout their summary judgment briefing and declaration testimony, essentially arguing that because they did not know any better, they could not be held liable for violating the automatic stay. Defendants' Briefs in Response to Summary Judgment, Dkt. No. 35– 37. The issue before the Court at this juncture is the degree of Defendants' reckless or callous disregard for the law or rights of others (and/or whether it includes bad faith), and whether Plaintiffs are entitled to discovery on this topic. Plaintiffs should be able to explore the degree of punitive damages at issue for both Defendants, including both the "reckless or callous disregard" standard and the existence of "bad faith" conduct as exhibited in *Bloom,* 875 F.2d at 228.

Furthermore, punitive damages are not only measured against the harm that occurred to the plaintiffs (which was substantial +here), but against the *potential harm* which *could have* occurred to others. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003). Plaintiffs are entitled to know about Defendants' practices (or lack thereof) to ascertain the extent of potential harm that such practices may have wrested upon others.

It is imperative that Plaintiffs understand whether their case is an isolated incident involving a single rogue law firm from Yakima and an isolated incident with the Plaintiffs in Cowlitz County, or if ZB's collection efforts across the United States display a pattern of wanton indifference to the rights of debtors in bankruptcy. Furthermore, given what is known about Defendants' practices, it is nearly impossible that no other debtors were arrested, as Defendants' practices created an environment in which this could have happened to other debtors as well.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES – 9

1.    Defendants' General Objections Are Frivolous And Dilatory

Many of Defendants' discovery responses are filled with dilatory and frivolous boilerplate objections. While Plaintiffs recognize that it is all but *de rigueur* for opposing counsel to wallpaper their discovery responses with objections, Defendants' reflexive objections go beyond reasonableness into the realm of the ludicrous. As just one example, Plaintiffs' discovery requests contained a standard "Definitions" section, which preceded the requests. As stated above, ZB asserted thirty-five pages of objections, including the following emblematic example of an objection to the word "or":

> [Definition] 4. Wherever the word "or" appears herein, the meaning intended is the logical inclusive "or," i.e., "and/or."
>
> **ZB OBJECTION:** The Bank objects to this instruction to the extent that it renders any interrogatory vague, ambiguous, or unintelligible, or suggests a meaning inconsistent with plain English. The Bank further objects to this instruction to the extent it imposes obligations inconsistent with those imposed by the Federal Rules of Civil Procedure.

Exhibit B (p. 4) to Henry Dec at ¶ 4. Plaintiffs would, of course, be happy to review the use of the word "or" in any interrogatory that ZB feels is "vague, ambiguous, or unintelligible" or is "inconsistent with plain English," but it appears that ZB's true purpose in offering the objection is not to attain clarity, but to obstruct and overwhelm.

Ultimately, Defendants' constant reflexive objections to any and every request, no matter how reasonable, call to mind the boy who cried wolf. When a party objects to nearly every single interrogatory, request for admission, and request for production, using nearly identical boilerplate language, it is difficult to see why the Court should entertain any of its objections at all. At the very least, by employing this "shock and awe" tactic of overwhelming and baseless objections, Defendants relinquish their right to dispute the validity of individual discovery

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES – 10

Henry, DeGraaff & McCormick, P.S.
1833 N 105th St. Ste 203
Seattle, Washington 98133
telephone (206) 330-0595
fax (206) 400-7609

requests, as this Court hardly needs to take on responsibility for matters that should rightly be resolved by the parties. *See Franklin v. US*, Civil No. 12-1167 KBM/LFG , 2013 WL 11336864, at *2 (D.N.M. Aug. 28, 2013) (characterizing "knee jerk objections, e.g., vague, overly broad, burdensome, and not calculated to lead to discoverable information" as abuse of process); *McLeod, Alexander, Powel & Apffel, PC v. Quarles*, 894 F.2d 1482 (5th Cir. 1990) (objections that document requests are overly broad, burdensome, oppressive, and irrelevant are insufficient to meet objecting party's burden of explaining why discovery requests are objectionable).

B. <u>INTERROGATORIES AND REQUESTS FOR PRODUCTION AT ISSUE</u>

1. <u>Interrogatory Nos. 5 and 6 to ZB</u>

Interrogatory No. 5 requests the identity of other borrowers who endured a situation similar to the Plaintiffs – those individuals against whom ZB has obtained an order for supplemental proceeding and thereafter a bench warrant for failure to attend a supplemental proceeding. Exhibit B (p. 15-16) to Henry Dec. at ¶ 5. Interrogatory No. 6 made the same request, but for borrowers outside the borders of Washington state. Exhibit B (p. 16-17) to Henry Dec. at ¶ 5. ZB responded with boilerplate objections and – astonishingly – professed total ignorance to any other instance similar to Plaintiffs' situation.[1] These responses are not believable on their face. One would think a major bank would have some idea whether it had sought (or obtained) a warrant against one of its customers. This claim of ignorance is also belied by ZB's own litigation policies, which state that "[a]ll documents pertaining to the legal account

---

[1] As discussed below, it turns out that there *were* other instances where ZB obtained bench warrants against its customers, some of which appear to be in violation of the automatic stay. *See* Bailey & Busey response to interrogatory 6.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES – 11

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST. STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-7609

must be scanned and saved in accordance with the banks [sic] retention policy." Exhibit E (p.3) to Henry Dec. at ¶ 8.

### a. Plaintiffs' Right to Relevant Discovery is Broad

ZB then unhelpfully stated that "[t]o the extent such information is contained in court records available from public sources such as Courttrax, that information is equally available to Plaintiffs." Exhibit B (p. 16) to Henry Dec. at ¶ 5. Fed. R. Civ. P. 26(b)(1) states in part, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, *the parties' relative access to relevant information*, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." (emphasis added). ZB proposes that Plaintiffs avail themselves of a private records service to conduct a search, which may or may not be successful, for information already within ZB's possession that ZB could locate simply by consulting its own files or by asking its attorneys.[2] ZB's relative access to relevant information is much greater here than Defendants', and production should be compelled.

Moreover, ZB's denial of any knowledge about bench warrants it has sought against other borrowers in Washington must be considered factually incorrect, as ZB must be aware that Bailey & Busey has already answered a similar interrogatory as follows:

**INTERROGATORY NO. 6 (to Bailey & Busey):**
IDENTIFY all BORROWERS in Washington State with whom you have ever (1) obtained an order for SUPPLEMENTAL PROCEEDING; and (2) subsequently obtained a

---

[2] Moreover, CourtTrax only provides access to courts in 15 states, making it an unacceptable solution for obtaining the information sought in Interrogatory No. 6. https://www.courttrax.com/faqs/ (accessed May 18, 2017).

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES – 12

Henry, DeGraaff & McCormick, P.S.
1833 N 105ᵗʰ St. Ste 203
Seattle, Washington 98133
telephone (206) 330-0595
fax (206) 400-7609

BENCH WARRANT against them for their failure to attend the SUPPLEMENTAL PROCEEDING.

**RESPONSE:**………………….Without waiving any objection:

| Name | County | Case Number |
|------|--------|-------------|
| 1. Ashley Kvarnstrom | Clark | 14-2-01094-3 |
| 2. Jimmy & Leslie McCracken | Clark | 12-2-00208-1 |
| 3. Larry Sorden | Lewis | 13-2-01488-1 |

In addition, orders awarding bench warrants were obtained but bench warrants were never issued in cases involving the following individuals:

| Name | County | Case Number |
|------|--------|-------------|
| 1. Vivien Harris | Snohomish | 14-2-04569-5 |
| 2. Mark Lloyd | Skagit | 11-2-01417-0 |

Exhibit C (p. 6-7) to Henry Dec. at ¶ 6.

Plaintiffs have no way of knowing if the case list produced is complete, if there are other individuals in other states, or whatever, but it is hard to imagine something more germane to this proceeding than simply identifying how many bench warrants were sought and obtained in the course of Defendants' collection practices.

2.     ZB and Bailey & Busey's Request for Production No. 3

In response to Request for Production 3, which seeks production of agreements (if any) between the parties, both Defendants object that the request as overbroad, oppressive and subject to attorney-client privilege, work product privilege and third party privacy rights. Plaintiffs seek the agreements between the bank and its collection firm because they are central to the case, may shed light on the level of relevant culpability between the parties and generally govern how the Defendants divvy up their rights and responsibilities to each other generally.

a.     **Burdens for Establishing Privilege**

As to objections of privilege, Defendants have failed to identify any privileged communications. Defendants have also failed to identify how requests for production relating to

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES – 13

Henry, DeGraaff & McCormick, P.S.
1833 N 105th St. Ste 203
Seattle, Washington 98133
telephone (206) 330-0595
fax (206) 400-7609

the agreements between the Defendants are privileged. ZB just repeats boilerplate objections and refuses to produce anything, and Bailey & Busey responds with nonprivileged documents (BAILEYBUSEY000202-238), but fails to list any items included on its privilege log save a general category for invoices. Without this information, it is impossible to meaningfully evaluate the claims of privilege.

Where a party objects on the basis of privilege, it must specifically identify whether anything is being withheld.[3] Exhibit F and G to Henry Dec. at ¶ 9-10. As stated above, the party asserting the privilege bears the burden of establishing the privilege, which can be done through a privilege log. *See In re Grand Jury Investigation*, 974 F.2d at 1071. A privilege log must disclose (1) the identity of attorney and client involved, (2) the nature of the document, (3) all known recipients of the document, and (4) the date the document was created. *Id*.[4] ZB's privilege log does not provide sufficient information to permit the Court or Plaintiffs to determine the applicability of privilege. Exhiibt G to Henry Dec. at ¶ 10. Bailey & Busey's privilege log also fails to mention any privileged items relevant to this request, absent the mention of invoices. Even if the privilege logs were well-intentioned, they lack the necessary detail to assert and preserve a privilege claim.

Defendants bear the burden of establishing the application of privilege, as "the party asserting the privilege must make a *prima facie* showing that the privilege protects the

---

[3] Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.").

[4] *See also Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 650–51 (E.D.Cal. 2010) ("The requisite detail for inclusion in a privilege log consists of [1] a description of responsive material withheld, [2] the identity and position of its author, [3] the date it was written, [4] the identity and position of all addressees and recipients, [5] the material's present location, [6] and specific reasons for its being withheld, including the privilege invoked and grounds thereof.")

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES – 14

Henry, DeGraaff & McCormick, P.S.
1833 N 105TH ST. STE 203
Seattle, Washington 98133
telephone (206) 330-0595
fax (206) 400-7609

Case 16-04123-BDL   Doc 50   Filed 05/24/17   Ent. 05/24/17 22:38:40   Pg. 14 of 23

information the party intends to withhold." *Grand Jury Investigation*, 974 F.2d at 1071.

However, "the privilege is limited to only those disclosures – necessary to obtain informed legal

advice – which might not have been made absent the privilege." *Id*. at 1070 (citation and

quotation omitted); *see also In re County of Erie,* 473 F.3d 413, 420–21 (2d Cir. 2007) ("We

consider whether the predominant purpose of the communication is to render or solicit legal

advice…"). Blanket assertions of privilege are "extremely disfavored." *Clarke v. Am. Commerce

Nat'l Bank,* 974 F.2d 127, 129 (9th Cir.1992).

 "Legal advice" does not encompass everything a client might tell a lawyer, and it

certainly does not extend to objective facts. Basic facts about events at a public hearing fall into

the category of "attorney as messenger," and are not within the scope of attorney-client

privilege. *U.S. v. Bauer*, 132 F.3d 504, 508 (9th Cir. 1997) ("the conveyance of public

information from an attorney to his client, such as the date of a hearing, sentencing, or trial, is

not covered by the privilege because there is nothing confidential about the communication.").

Per *Bauer*, communications with the purpose of ZB issuing a directive to its legal counsel to take

a particular course of action may not constitute seeking "legal advice," and would not be

privileged.

The invoice(s) created by Bailey & Busey for payment of its services are highly relevant

as well, as ZB has maintained the position that it knew nothing of the bench warrants, and yet

nevertheless paid Bailey & Busey's bill, in full, for the time period covering the supplemental

proceedings and bench warrant requests. The attorney-client privilege only covers records of

attorney time and expenses to the extent they reveal litigation strategy and the nature of the

services provided. *In re Grand Jury Witness,* 695 F.2d 359, 362 (9th Cir. 1982). "[B]ills, ledgers

statements, time records and the like which also reveal the nature of the law, also should fall

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST. STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-7609

within the privilege. On the other hand, a simple invoice requesting payment for unspecified services rendered reveals nothing more than the amount of the fee and would not normally be privileged….” *Id.* Under the *Grand Jury Witness* standard, entire invoices are not subject to privilege.

### b. Privilege May be Impliedly Waived

Even assuming privilege did apply and was properly established by Defendants, privilege may be impliedly waived by a claim or defense placing the contents of a privileged communication at issue (an “at-issue” waiver). The purpose behind the doctrine of “at-issue” waivers “is to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable.” *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340–41 (9th Cir. 1996). The “at-issue” waiver may also apply in the work product context. *See Walker v. County of Contra Costa*, 227 F.R.D. 529, 533 (N.D.Cal. 2005) (“Several cases have held that defendants also lose the work product and attorney-client privileges once they assert the investigation as an affirmative defense.”). Importantly, voluntary disclosure of privileged communications constitutes waiver of the privilege for all other communications on the same subject. *Weil v. Inv./Indicators, Research & Mgmt., Inc.,* 647 F.2d 18, 24 (9th Cir. 1981).

The Ninth Circuit has applied the standard that

> an implied waiver of the attorney-client privilege occurs when (1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense…[A]n overarching consideration is whether allowing the privilege to protect against disclosure of the information would be manifestly unfair to the opposing party.

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST. STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-7609

*Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (citing

*Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D.Wash. 1975). The *Hearn* test is intended to prevent

parties from using the privilege as both a sword and a shield. *Swinomish Indian Tribal*

*Community v. BNSF Railway Company*, No. C15-0543RSL (W.D. Wash. May 6, 2016). "Where

a party raises a claim which in fairness requires disclosure of the protected communication, the

privilege may be implicitly waived." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th

Cir. 1992).

### (i) Affirmative Defenses Likely Constitute "At Issue" Waiver of Privilege

In its Answer, ZB raises several affirmative defenses, including the following:

> 2. At all times relevant to the Complaint, Zions fully complied
> with all applicable laws, regulations and standards and did not act
> in violation of any applicable laws, regulations, standards and
> guidelines.

> 3. Debtors' alleged damages, if any, were not caused by Zions. . . .

> 7. Zions is entitled to indemnification from other parties for any
> and all damages asserted by Debtors.

ZB's Answer to Amended Complaint, Dkt. No. 9. Bailey & Busey's Answer raises the following

affirmative defenses:

> 3. Plaintiffs' damages, if any, were caused by the negligent or
> wrongful conduct of persons or entities over whom Bailey &
> Busey had no control and for whose conduct Bailey & Busey are
> not liable.

> 4. Defendant is entitled to indemnification from other parties for
> any and all damages asserted by Plaintiffs….

> 8. Defendant took no affirmative action to violate the stay after the
> bankruptcy petition was filed or after receiving notice of the
> Chapter 7 bankruptcy.

> 9. At all times relevant herein, Bailey & Busey acted in good faith
> and pursuant to all applicable laws, regulations, standards and
> valid court orders.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES – 17

Henry, DeGraaff & McCormick, P.S.
1833 N 105ᵗʰ St. Ste 203
Seattle, Washington 98133
telephone (206) 330-0595
fax (206) 400-7609

ZB's Answer to Amended Complaint, Dkt. No. 11.

By asserting their full compliance and good faith, innocence from liability for damages, and right to general indemnification as affirmative defenses, Defendants waive privilege for any documents or other material necessary for Plaintiffs to refute their defenses and disprove their claims. *Chevron*, 974 F.2d at 1162.

3.   Request for Production No. 2 (to ZB) and Request for Production No. 5 and 14 (to both Defendants):

These requests seek documents related to Plaintiffs' debt to ZB which (1) was the specific reason for the supplemental proceedings and bench warrants, and (2) the primary cause of Plaintiffs' bankruptcy filing. ZB did provide some of Plaintiffs' loan and collection documents, including a printout of the collector's notes, correspondence between ZB and Plaintiffs, and redacted communications with Bailey & Busey.  Exhibit H to Henry Dec. at ¶ 11. Bailey & Busey responded with heavily-redacted documents and communications, claiming attorney-client privilege and work product privilege. Exhibit I to Henry Dec. at ¶ 12.

Defendants objected as to relevancy and proportionality. Documents and communications which led to the ultimate problem here – the request for bench warrants, the issuance of bench warrants, and the failure to quash or recall the bench warrants – are certainly relevant here. For example, ZB cannot claim ignorance about the bench warrants if they paid their lawyer's bill for the bench warrants, or if they instructed Bailey & Busey to use all means necessary (or specifically demanded bench warrants) to collect the debt.  Information is "relevant to the subject matter" if it might reasonably assist a party in evaluating the case, preparing for trial or facilitating settlement thereof. *See Hickman v. Taylor*, 329 US 495, 506-507. Moreover, "the party who resists discovery has the burden to show that discovery should not be allowed, and has

Henry, DeGraaff & McCormick, P.S.
1833 N 105TH ST. STE 203
Seattle, Washington 98133
telephone (206) 330-0595
fax (206) 400-7609

the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.,* 175 F.R.D. 646, 650 (C.D. Cal. 1997).

As discussed above, assertions of privilege are not supported by existing privilege logs, and even if they are, the Defendants have waived any right to assert privilege. Specific items at issue include the following communications and other materials, which are strongly implied by context to be directly relevant to Defendants' affirmative defenses and Plaintiffs' right to refute them:

| Source | Identity / Bates Number | Date | Subject/ Privilege Claim |
|--------|------------------------|------|--------------------------|
| Bailey & Busey | BAILEYBUSEY000737 | 10/01/2015 | The redacted portion of this document is protected by the attorney client privilege. It is a communication between Zions and Bailey & Busey regarding the state court debt collection action and Zions' communications with plaintiffs. |
| ZB | Email: To: Roberta Casados and From: Diane Pearson/Bailey & Busey PLLC | 10/01/2015 | Subject: Michael and Nicole Gray(Hart) Privilege: A/C & WP |
| Bailey & Busey | BAILEYBUSEY000738-39 | 10/01/2015 | The redacted portion of this document is protected by the attorney client privilege. It is a communication between Zions and Bailey & Busey regarding the state court debt collection action and Zions' communications with plaintiffs. |
| Bailey & Busey | BAILEYBUSEY000402-03 | 10/01/2015 | The redacted portion of this document is protected by the attorney client privilege. It is a communication between Zions and Bailey & Busey regarding the state court debt collection action and Zions' communications with plaintiffs before filing for bankruptcy. |
| Bailey & Busey | BAILEYBUSEY000740 | 12/22/2015 | The redacted portion of this document is protected by the attorney client privilege. It is a communication between Zions and Bailey & Busey regarding the status of the defendants in the state court debt collection action. |
| ZB | Email: To: Roberta Casados and From: Diane Pearson/Bailey & Busey PLLC | 12/23/2015 | Subject: Michael and Nicole Gray(Hart) Privilege: A/C & WP |

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES – 19

Henry, DeGraaff & McCormick, P.S.
1833 N 105ᵀᴴ St. Ste 203
Seattle, Washington 98133
telephone (206) 330-0595
fax (206) 400-7609

| Source | Identity / Bates Number | Date | Subject/ Privilege Claim |
|--------|------------------------|------|--------------------------|
| Bailey & Busey | BAILEYBUSEY000418-20 | 12/23/2015 | The redacted portion of this document is protected by the attorney client privilege. It is a communication between Zions and Bailey & Busey regarding commencement of the state court debt collection action. |
| Bailey & Busey | BAILEYBUSEY000741-42 | 12/23/2015 | The redacted portion of this document is protected by the attorney client privilege. It is a communication between Zions and Bailey & Busey regarding the status of the defendants in the state court debt collection action. |
| Bailey & Busey | BAILEYBUSEY000743-44 | 12/23/2015 | The redacted portion of this document is protected by the attorney client privilege. It is a communication between Zions and Bailey & Busey regarding the status of the defendants in the state court debt collection action. |
| ZB | Email: To: Roberta Casados and From: Diane Pearson/Bailey & Busey PLLC | 03/03/2016 | Subject: Michael and Nicole Gray(Hart) Privilege: A/C & WP |
| Bailey & Busey | BAILEYBUSEY000745-47 | 03/03/2016 | The redacted portion of this document is protected by the attorney client privilege. It is a communication between Zions and Bailey & Busey regarding the state court debt collection action. |
| Bailey & Busey | BAILEYBUSEY000475-476 | 03/16/2016 | The redacted portion of this document is protected by the attorney client privilege. It is a communication between Zions and Bailey & Busey regarding the state court debt collection action. |
| Bailey & Busey | BAILEYBUSEY000757 | 03/23/2016 | The redacted portion of this document is protected by the attorney client privilege. It is a communication between Zions and Bailey & Busey regarding the status of the defendants in the state court debt collection action. |
| ZB | Email: To Diane Pearson/Bailey & Busey PLLC and From: Roberta Casados/ZB. NA | 04/04/2016 | Subject: Michael and Nicole Gray(Hart) Privilege: A/C & WP |
| Bailey & Busey | BAILEYBUSEY000758 | 04/04/2016 | The redacted portion of this document is protected by the attorney client privilege. It is a communication between Zions and Bailey & Busey regarding plaintiffs' bankruptcy petition. |

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES – 20

HENRY, DeGRAAFF & McCORMICK, P.S.
1833 N 105TH ST. STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-7609

Bailey & Busey's logs characterizing these communications strongly suggest that their contents are highly relevant to verifying or refuting Defendants' affirmative defenses, as well as a determination of punitive damages. Exhibit J to Henry Dec. at ¶ 13. The burden here is on the Defendants, as the parties asserting the attorney-client privilege, to provide the necessary context that would give the Plaintiffs a meaningful ability to evaluate the claims of privilege. Otherwise, the privilege is waived. *Home Indem. Co*, 43 F.3d at 1326; *see also Grand Jury Investigation*, 974 F.2d at 1070 (the burden is on the party claiming privilege to show that the privilege applies to the given communication).

C. <u>ATTORNEYS' FEES</u>

The Court should also award reasonable attorney's fees to the Plaintiffs under Fed.R.Civ.P. 37(a)(5)(A). None of the exceptions to a fee award listed in Rule 37(a)(5)(A) are present in this case. First, Plaintiffs' attorneys attempted in good faith to obtain the discovery without action by the Court: Plaintiffs' counsel detailed the deficient discovery responses of each Defendant in several written communications, have held several telephonic discovery conference with Defendants, and have repeatedly attempted to negotiate a stipulated protective order to no avail. Exhibit K to Henry Dec. at ¶ 14.; see Rule 37(a)(5)(A)(i). Second, Plaintiffs' nondisclosure and objections are not substantially justified, where the information requested by Plaintiffs is clearly relevant and where Defendants' primary objection is premised on an indisputable mischaracterization of federal law. See Rule 37(a)(5)(A)(ii). Finally, there are no other circumstances that make an award of expenses unjust in this case. See Rule 37(a)(5)(A)(ii). Justice favors an award of fees to Plaintiffs due to the Defendants' dilatory tactics in preventing Plaintiffs from obtaining evidence to support their claim for punitive damages.

Henry, DeGraaff & McCormick, P.S.
1833 N 105TH ST. STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-7609

## IV.    <u>CONCLUSION</u>

For all of these reasons, the Court should issue an order compelling Defendants to provide complete responses to each of these specific requested in Plaintiffs' First Interrogatories and Requests for Production, as set forth above.

DATED THIS 24th day of May 2017.

| HENRY, DEGRAAFF & MCCORMICK, PS | ANDERSON SANTIAGO, PLLC |
|---|---|
| By: _/s/ Christina L Henry_ <br> Christina L Henry, WSBA# 31273 <br> Attorneys for Plaintiffs | By: _/s/ Jason D. Anderson_ <br> Jason D. Anderson, WSBA# 38014 <br> Attorneys for Plaintiffs |

HENRY, DeGRAAFF & McCORMICK, P.S.
1833 N 105TH ST. STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-7609

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 24, 2017, I electronically filed the documents detailed below

with the Clerk of the Court.

1) Notice of Hearing on Plaintiffs' Motion to Compel Discovery Responses
2) Plaintiff's Motion to Compel Discovery Responses
3) Declaration of Christina L Henry in Support of Motion to Compel Discovery Responses with Exhibits attached thereto
4) Proposed Order

E-Service was given to the following parties who are registered ECF participants to be served

via electronic means:

John T Bender on behalf of Defendant Bailey & Busey, PLLC
john.bender@lewisbrisbois.com, vicki.milbrad@lewisbrisbois.com

Kathleen A Nelson on behalf of Defendant Bailey & Busey, PLLC
kathleen.nelson@lewisbrisbois.com, vicki.milbrad@lewisbrisbois.com

Charles C. Robinson on behalf of Defendant ZB, N.A.
crobinson@gsblaw.com, dbarrientes@gsblaw.com

Dan Vecchio on behalf of Defendant ZB, N.A.
dvecchio@gsblaw.com, dbarrientes@gsblaw.com

Signed this 24th day of May 2017, at Bothell, Washington.

HENRY, DEGRAAFF & MCCORMICK, PS

By: _/s/ Christina L Henry_____
Christina L Henry, WSBA# 31273
1833 N 105th St, Ste 203
Seattle, WA 98133
Tel# 206-330-0595
chenry@hdm-legal.com

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES – 23

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST. STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-7609